## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Subpoena Matter in )<br><br>UNITED STATES, )<br><br>v. )<br><br>WAYNE LEE, )<br><br>Defendant. ) | Miscellaneous Case No. |

## MOVANT UNITED STATES PAROLE COMMISSION'S
## MOTION TO QUASH SUBPOENA *DUCES TECUM*

Pursuant to Federal Rule of Civil Procedure 45(d)(3), the United States Parole

Commission ("USPC"), by and through undersigned counsel, respectfully moves the Court to

quash the subpoena *duces tecum* served on USPC by Defendant Wayne Lee ("Defendant").

## I.      SUMMARY OF ARGUMENT

The subpoena *duces tecum* served on USPC is unenforceable and should be quashed for

two (2) reasons.[1]  First, federal executive agencies are immune from subpoena demands arising

out of state-court actions, irrespective of whether the subpoena is issued by a state court or a

federal court.  Second, this Court lacks subject matter jurisdiction per the doctrine of derivative

jurisdiction.

---

[1]      The sole remedy for Defendant to challenge USPC's decision not to comply with
Defendant's subpoena, per USPC *Touhy* regulations, is to file a collateral action in federal court
under the Administrative Procedures Act.  *Houston Bus. Journal Inc. v. Office of Comptroller of
Currency*, 86 F.3d 1208, 1212 (D.C. Cir. 1996).  Defendant may, however, also seek the records
in the subpoena through discovery in his pending criminal case in Superior Court, as explained
below.

## II.   FACTUAL BACKGROUND

On September 16, 2014, USPC received a subpoena *duces tecum* from the Superior Court

of the District of Columbia issued by Defendant's attorney, Maneka Sinha.  *See* Subpoena,

attached hereto as "Exhibit 1."  The subpoena, addressed to the USPC, demands that USPC

appear in Superior Court of the District of Columbia, on November 14, 2014, and bring "all

records relating to Wayne Lee."  *Id*.  On October 9, 2014, USPC removed the subpoena matter to

this Court.

## III.   ARGUMENT

### A.  The Superior Court and the District Court Lack Subject Matter Jurisdiction Over Defendant's Subpoena Because The Federal Government Is Immune From Subpoena Demands Arising Out Of State Court Actions.

The subpoena *duces tecum* served on USPC is unenforceable because federal executive

agencies are immune from subpoena demands arising out of state-court actions, irrespective of

whether the subpoena issues from a state court or a federal court.  *See Houston Bus. Journal, Inc.*

*v. Office of Comptroller of Currency*, 86 F.3d 1208, 1212-13 (D.C. Cir. 1996).[2]  Both the

Superior Court and this Court, therefore, lack subject-matter jurisdiction to issue or enforce the

subpoena.  *Id*.

State-court litigants like Defendant cannot evade the limitations on the subpoena powers

of a state court.  *See Houston Bus. Journal*, 86 F.3d at 1213 (noting that "the federal courts are

not free-standing investigative bodies whose coercive power may be brought to bear at will in

---

[2]      "The courts of the District of Columbia are treated as 'state' courts for removal
purposes."  *Houston Bus. Journal*, 86 F.3d at 413 n.3 (citing *Palmore v. United States*, 411 U.S.
389, 395 n.5 (1973)); *see also* 28 U.S.C. § 1451(1).

demanding documents from others").[3] The jurisdiction of the federal courts is limited and the federal courts' subpoena power is properly exercised only:

1. When the federal court has subject-matter jurisdiction over the underlying action;

2. Under circumstances in which an action is otherwise cognizable in a federal court, *see, e.g.*, Fed. R. Civ. P. 27(a); or

3. When the subpoena is "necessary for [a federal] court to determine and rule upon its own jurisdiction, including jurisdiction over the subject matter."

*See id.* (quoting *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79 (1988)).  None of those circumstances applies here.

The only statute that implicates a waiver of sovereign immunity with respect to Defendant's criminal prosecution in the Superior Court is § 12-101(c) of Pub. L. 91-358, codified at D.C. Code 23-101(c), which provides that certain criminal prosecutions for local District of Columbia offenses "shall be conducted in the name of the United States by the United States Attorney for the District of Columbia or his assistants."  Because the United States Attorney's Office for the District of Columbia is, by virtue of § 23-101(c), a party to such criminal prosecutions in the Superior Court, sovereign immunity considerations presumably would not apply to the activities of the United States Attorney's Offices in those cases.  Hence, to the extent that they are engaged in criminal prosecutions in the Superior Court, "the United

---

[3]    In contrast, a federal-court litigant may seek to obtain production of documents from a federal agency by means of a federal subpoena because the United States has waived its sovereign immunity in federal-court actions. *See* 5 U.S.C. § 702.  In such a case, neither the Federal Housekeeping Statute, 5 U.S.C. § 301, nor the Supreme Court's decision in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), authorizes a federal agency to withhold documents. *See Houston Bus. Journal*, 86 F.3d at 1212 (quoting *Exxon Shipping Co. v. U.S. Dep't of the Interior*, 34 F.3d 774, 777-78 (9th Cir. 1994)); *see also Watts v. S.E.C.*, 482 F.3d 501, 508 (D.C. Cir. 2007).

States Attorney and his assistants" are subject to the Superior Court's rules and procedures. *See* § 23-101(c). However, § 23-101(c) makes no reference to USPC or to any other federal agency. Accordingly, under the rule of strict construction applicable to waivers of sovereign immunity,[4] § 23-101(c) does not waive sovereign immunity with respect to USPC.

Here, Defendant—a state-court criminal defendant seeking to compel production of documents and testimony from USPC—is improperly attempting to use the subpoena *duces tecum* to circumvent the discovery procedures that govern his criminal case.[5]  To the extent Defendant seeks to compel the production of documents and testimony from the United States as the prosecutor in his criminal case, the proper procedure is to submit his request in accordance with the rules and procedures applicable to criminal prosecutions in the Superior Court, not to issue a state court subpoena directly to a non-party federal government agency.  This Court lacks subject-matter jurisdiction over Defendant's subpoena and cannot compel USPC's compliance with it; the subpoena should be quashed.  *See Houston Bus. Journal*, 86 F.3d at 1213.

### B.  The District Court Also Lacks Subject Matter Jurisdiction Over Defendant's Subpoena Due To The Doctrine Of Derivative Jurisdiction.

The derivative jurisdiction doctrine arises from the principle that a federal court's jurisdiction over a removed case derives from the jurisdiction of the state court from which the case originated. *Cofield v. United States*, C.A. 14-0055, 2014 WL 4087501 (D.D.C. Aug. 20, 2014) (dismissing a complaint against several federal agencies, where the case was removed

---

[4]     *See Ardestani v. INS*, 502 U.S. 129, 127 (1991); *Trout v. Sec'y of Navy*, 540 F.3d 442, 443 (D.C. Cir. 2008) (citing *Library of Congress v. Shaw,* 478 U.S. 310, 318 (1986)).

[5]     Neither USPC nor the United States Attorney's Office for the District of Columbia makes any representations herein regarding the discoverability of the information Defendant seeks in the context of his pending criminal case.  Nor does the United States Attorney's Office for the District of Columbia waive any arguments it might have regarding Defendant's requests to otherwise obtain the information via discovery in that criminal case.

from Superior Court of the District of Columbia to U.S. District Court for the District of

Columbia pursuant to § 1442, and where the Superior Court did not have subject matter

jurisdiction over such claims); *McKoy-Shields v. First Washington Realty, Inc.*, C.A. 11-01419,

2012 WL 1076195 (D.D.C. Mar. 30, 2012) (dismissing a complaint—which included a Federal

Tort Claims Act claim—against a federal agency, where the case was removed from Superior

Court of the District of Columbia to U.S. District Court for the District of Columbia pursuant to

§ 1442, and where the Superior Court did not have subject matter jurisdiction over such claims).

As the Supreme Court has explained:

> [if] the state court was without jurisdiction over either the subject-matter or the United States, the District Court could not acquire jurisdiction over them by the removal.   The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.   If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.

*Lambert Run Coal v. Baltimore & O.R. Co.,* 258 U.S. 377, 382 (1922) (citations omitted); *see*

*also Arizona v. Manypenny,* 451 U.S. 232, 242 n. 17 (1981).

Application of the derivative jurisdiction doctrine remains valid in cases, such as this one,

that are removed under 28 U.S.C § 1442. *See Cofield v. United States*, C.A. 14-0055, 2014 WL

4087501 (D.D.C. Aug. 20, 2014); *McKoy-Shields v. First Washington Realty, Inc.*, C.A. 11-

01419, 2012 WL 1076195 (D.D.C. Mar. 30, 2012); *cf.* 28 U.S.C. § 1441(f) (eliminating

derivative jurisdiction for cases removed "under this section," i.e., § 1441).   To determine

whether this Court lacks subject matter jurisdiction by virtue of the doctrine of derivative

jurisdiction, the threshold determination is whether, prior to removal, the Superior Court of the

District of Columbia had jurisdiction of the subject matter or of the parties.   *See id.*

Here, the Superior Court of the District of Columbia lacked subject matter jurisdiction over Defendant's subpoena for USPC testimony and documents, because executive agencies are immune from state court subpoenas, as explained in § III.A, *supra*. Therefore, pursuant to the doctrine of derivative jurisdiction, this Court also lacks subject matter jurisdiction over Defendant's subpoena. *See id*. Although derivative jurisdiction *specifically regarding a subpoena* appears to be a matter of first impression for this Court, other Circuits have affirmed decisions to quash state court subpoenas addressed to federal agencies by applying the doctrine of derivative jurisdiction. *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316-317 (7th Cir. 1994) (affirming a District Court's decision to quash a state court subpoena pursuant to the doctrine of derivative jurisdiction, after the subpoena matter was removed under § 1442, where 1) federal sovereign immunity deprived the state court of jurisdiction to enforce the subpoena and 2) the agency's *Touhy* regulations deprived the state court of jurisdiction to compel the agency to comply with the subpoena); *In re Elko Cnty. Grand Jury*, 109 F.3d 554, 556 (9th Cir. 1997) (same); *Smith v. Cromer*, 159 F.3d 875, 883 (4th Cir. 1998) (without specifically citing the doctrine of derivative jurisdiction, affirming a District Court's decision to quash a state court subpoena after the subpoena matter was removed under § 1442, because federal sovereign immunity deprived the state court of jurisdiction to enforce the subpoena). Similar to the cases in other Circuits, here too both federal sovereign immunity and USPC's *Touhy* regulations (28 C.F.R. § 802.27, *et seq*.) deprive the Superior Court of the District of Columbia of jurisdiction to enforce, or compel compliance with, Defendant's subpoena—thereby derivatively depriving this Court of jurisdiction. *See id*.

There is no statutory authority of which undersigned counsel is aware permitting an individual to subpoena testimony or documents from a non-party federal agency, in *state* court.

6

*See id.*; *see also* 28 U.S.C. § 1451 (Superior Court of the District of Columbia is considered a "State court" for purposes of District Court's removal jurisdiction). In fact, federal sovereign immunity would preempt any such authority. *See Houston Bus. Journal*, 86 F.3d at 1213. Thus, the Superior Court of the District of Columbia, which is a "state court" for purposes of this action, did not have jurisdiction over Defendant's subpoena for USPC testimony and documents. *See Cofield*, 2014 WL 4087501; *McKoy-Shields*, 2012 WL 1076195; 28 U.S.C. § 1451.

## IV.   CONCLUSION

For the foregoing reasons, USPC respectfully submits that the subpoena *duces tecum* is invalid, unenforceable, and should be quashed pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Dated: October 9, 2014
Washington, DC

Respectfully submitted,

RONALD C. MACHEN JR.,
D.C. Bar #447889
United States Attorney
for the District of Columbia

DANIEL VAN HORN,
D.C. Bar # 924092
Chief, Civil Division

By: /s/

SHUCHI BATRA, D.C. Bar # 978263
Special Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Tel:  (202) 252-2571
Fax:  (202) 252-2599
Shuchi.Batra@usdoj.gov

7

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Movant United States Parole

Commission's Motion to Quash Subpoena Duces Tecum was served by first class United States

mail this 9th day of October 2014 to attorney for Wayne Lee:

Maneka Sinha
Public Defender Service
633 Indiana Avenue, NW
Washington, D.C. 20004


/s/ _____
Shuchi Batra
Special Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re Subpoena Matter in ) ) | |
| UNITED STATES, ) ) | |
| v. ) ) | Miscellaneous Case No. |
| WAYNE LEE, ) ) | |
| Defendant. ) ) | |

**PROPOSED ORDER**

UPON CONSIDERATION of the Movant United States Parole Commission's (USPC) Motion to Quash Subpoena *Duces Tecum*, it is hereby

ORDERED that Defendants' Motion is hereby GRANTED, and it is further

ORDERED that the subpoena *duces tecum* in the above-captioned matter is QUASHED with prejudice.

_____
DATE

_____
U.S. DISTRICT COURT JUDGE

1